UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTIONETTE SLAUGHTER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>VALLEY VIEW I LLP, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C23-1360JLR<br><br>ORDER |

On October 4, 2023, the court dismissed Ms. Slaughter's complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a cognizable claim for relief. (10/4/23 Order (Dkt. # 5); *see* Compl. (Dkt. # 4).) The court granted Ms. Slaughter leave to "file an amended complaint that cure[d] the deficiencies" identified in the court's order and ordered her to file her amended complaint, if any, by no later than October 26, 2023. (10/4/23 Order at 14.) The court warned Ms. Slaughter that failure to timely comply with the court's order would result in the dismissal of her complaint without leave to amend and the closure of

//

ORDER - 1

this case. (*Id.*) To date, Ms. Slaughter has not filed an amended complaint. (*See generally* Dkt.)

However, on October 24, 2023—prior to the deadline to file an amended complaint—Ms. Slaughter's proposed application for court-appointed counsel posted to the docket as a "motion to appoint counsel." (*Compare* Prop. App. (Dkt. # 1-3), *with* Mot. (Dkt. # 6) (motion to appoint counsel consisting of the same application for court-appointed counsel that Ms. Slaughter filed with her proposed complaint on September 1, 2023).) And on October 27, 2023, the court received a letter from Ms. Slaughter dated October 25, 2023 in which Ms. Slaughter "ask[s] the court to grant court appointed counsel to assist with the amendment process." (Letter (Dkt. # 7).) The court has reviewed the motion and letter and determined that Ms. Slaughter's application for court-appointed counsel is deficient in two ways. First, Ms. Slaughter described the number of attorneys she contacted but failed to explain "over what period of time," as required by the form. (Mot. at 2.) Second, Ms. Slaughter stated that the U.S. Department of Housing and Urban Development and the Washington State Human Rights Commission each determined that there is reasonable cause to believe that the allegations in her complaint are true, but Ms. Slaughter failed to describe "the conclusion the agency reached," as required by the form. (*Id.* at 2.)

In light of these deficiencies, and to facilitate the court's review of Ms. Slaughter's request for counsel, if she chooses to renew it, the court ORDERS as follows:

1. The court EXTENDS the deadline for Ms. Slaughter to file an amended complaint that corrects the deficiencies identified in the court's October 4, 2023 Order.

ORDER - 2

1  (*See* 10/4/23 Order.)  Ms. Slaughter must file her amended complaint by no later than

2  **Monday, November 13, 2024**.  If Ms. Slaughter fails to timely file an amended

3  complaint, the court will dismiss this matter without leave to amend and close this case.

4      2.  The court DENIES the motion to appoint counsel (Dkt. # 6).  However, in the

5  event Ms. Slaughter elects to continue pursuing this case by timely filing an amended

6  complaint, she may also file a renewed application for court-appointed counsel that

7  corrects the deficiencies identified above by no later than **Monday, November 20, 2024**.

8      The Clerk is directed to send copies of this order to Ms. Slaughter.

9      Dated this 27th day of October, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 3